**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 14, 2012
Decided April 12, 2012

*Before*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-3346

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 10-CR-197 |
| | |
| KEVIN L. BLAKE, | C.N. Clevert, Jr., |
| *Defendant-Appellant.* | *Chief Judge.* |

## O R D E R

Kevin Blake pleaded guilty to conspiring to sell more than five kilograms of crack cocaine between 2007 and 2009. 21 U.S.C. §§ 841(a)(1), 846. The district judge sentenced Blake to 8 years' imprisonment and 5 years' supervised release. Despite having waived his right to appeal in his plea agreement, Blake brought this appeal. Blake's counsel now seeks to withdraw because he believes the appeal would be frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Blake has not filed a response. *See* Cir. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first considers whether Blake could argue that his guilty plea is invalid. But Blake has not contested the validity of the plea, *see United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002), and an appeal waiver stands or falls with the plea, so the appeal

waiver must stand. *See United States v. Quintero*, 618 F.3d 746, 752 (7th Cir. 2010); *Nunez v. United States*, 546 F.3d 450, 454 (7th Cir. 2008).

Blake's broad appeal waiver does exclude challenges based on "(1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, and (3) ineffective assistance of counsel." But Blake's sentence did not exceed the applicable statutory maximum, *see* 18 U.S.C. § 3583(b)(1); 21 U.S.C. § 841(b)(1)(A), and counsel has not identified any improper factors that the court relied on in sentencing Blake, *see United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005). Nor has counsel identified any basis to question his representation of Blake in the district court, and in any event a claim of ineffective assistance is more appropriately pursued in a collateral proceeding. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Persfull*, 660 F.3d 286, 299 (7th Cir. 2011).

We GRANT counsel's motion to withdraw and DISMISS the appeal.